IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE L. JOHNSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 12-CV-331-GKF-TLW |
| CHAD MILLER, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. In response to the petition, Respondent filed a motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 10). Petitioner filed a response to the motion (Dkt. # 12). Respondent's argument for dismissal is premised on the allegation that Petitioner, a state inmate appearing pro se, failed to file his petition for writ of habeas corpus within the one-year limitations period prescribed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). For the reasons discussed below, the Court finds that Respondent's motion to dismiss shall be granted and the petition dismissed with prejudice as time barred.

### *BACKGROUND*

Petitioner was convicted by a jury of four (4) counts of First Degree Murder in Tulsa County District Court, Case No. CF-1992-3584. The record reflects that on December 2, 1993, the trial judge sentenced Petitioner to life imprisonment on each count, with the sentences ordered to run consecutively. See Dkt. # 11, Ex. 1. Petitioner perfected a direct appeal at the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed September 7, 1995, in Case No. F-94-294 (Dkt. # 11, Ex. 2), the OCCA affirmed the judgment and sentence of the trial court.

On November 10, 1997, Petitioner filed an application for post-conviction relief. See Dkt. # 11, Ex. 3 at 114. By order filed December 31, 1997 (Dkt. # 11, Ex. 4), the state district court denied the requested relief. Petitioner filed a post-conviction appeal. By order filed February 10, 1998 (Dkt. # 11, Ex. 5), the OCCA affirmed the district court's denial of post-conviction relief.

Next, on February 8, 1999, Petitioner filed his first federal petition for writ of habeas corpus. That petition was assigned N.D. Okla. Case No. 99-CV-107-B. On March 17, 1999, Petitioner filed a voluntary motion to dismiss. See Dkt. # 11, Ex. 7. By Order filed March 22, 1999, the Court granted Petitioner's motion and dismissed the petition without prejudice to refiling. See Dkt. # 11, Ex. 8.

On February 13, 2012, or almost thirteen (13) years later, Petitioner filed a state petition for writ of habeas corpus with the OCCA. By order filed on or about March 29, 2012, see www.oscn.net, in Case No. HC-2012-126 (Dkt. # 11, Ex. 10), the OCCA declined jurisdiction and dismissed the petition, citing Rule 10.1(C)(2), and finding that Petitioner had failed to file a certified copy of the district court order denying the request for relief.

On June 11, 2012, Petitioner filed the instant federal petition for writ of habeas corpus (Dkt. # 1). In response to the petition, Respondent asserts that the petition is time barred. See Dkt. # 10.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003), the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief. The Tenth Circuit also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Based on application of § 2244(d)(1)(A), this habeas petition was not filed within the one-year limitations period. Petitioner's conviction entered in Tulsa County District Court, Case No. CF-1992-3584, became final on December 6, 1995, after the OCCA concluded direct review on September 7, 1995, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

3

Thus, Petitioner's conviction became final before April 24, 1996, the date of enactment of the AEDPA. As a result, Petitioner had to file a habeas petition within one (1) year of enactment of the AEDPA, or on or before April 24, 1997. Hurst, 322 F.3d at 1261.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, the record cited above confirms that Petitioner's post-conviction application and other efforts to obtain collateral relief in state court were filed after the grace period and do not serve to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, this habeas corpus petition, filed June 11, 2012, appears to be untimely.

In his petition (Dkt. # 1), Petitioner acknowledges that his petition is untimely and asserts that he is entitled to equitable tolling. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id.

4

(quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Equitable tolling is appropriate only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000).

Petitioner first argues that he believed his 1999 federal habeas petition was stayed, thereby making this petition timely filed. See Dkt. # 1, attached affidavit at page 21 of 96. The Court rejects that contention. The 1999 petition was dismissed without prejudice to refiling on Petitioner's motion. The case was not stayed. Furthermore, the 1999 petition was itself time-barred. The 1999 petition does not save the instant petition. Petitioner also claims that the OCCA erred in dismissing his state habeas corpus petition filed in 2012. Id. Regardless of the merit of Petitioner's argument, it has no impact on the timeliness of the instant petition since the one-year limitations period had expired long before Petitioner filed his state petition for writ of habeas corpus. Lastly, Petitioner asserts that he is "a factually innocent person" and, for that reason, he requests equitably tolling. Id. Where a petitioner presents the truly exceptional case in which he is actually innocent, federal courts allow for an "exception to [the] procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." Lopez v. Trani, 628 F.3d 1228, 1230-31 (10th Cir. 2010). In other words, when a habeas petitioner is seeking equitable tolling on actual innocence grounds, he need not "demonstrate that he diligently pursued his actual innocence claim." Id. at 1231. But he must articulate a "colorable claim of factual innocence"; that is, he must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 322, 324 (1995); see also, e.g., Cramer v. Utah, 431 Fed.

Appx. 767, 770 (10th Cir. 2011) (unpublished)[1] ("Although actual innocence can overcome procedural default, the district court correctly observed that actual innocence must be shown by newly available evidence and that [petitioner's] showing is wholly inadequate." (citation omitted)); Weibley v. Kaiser, 50 Fed. Appx. 399, 403 (10th Cir. 2002) (unpublished) (determining that petitioner's actual innocence argument "fail[ed] because he d[id] not make a colorable claim of actual innocence. [Petitioner] makes only conclusory allegations regarding his innocence and provides no analysis or specific facts to warrant equitable tolling."). Under this rigorous standard, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in . . . light of the new evidence." Schlup, 513 U.S. at 327.  In this case, Petitioner makes only a conclusory statement that he is "a factually innocent person," see Dkt. # 1, attached affidavit, without providing any supporting facts or citations to legal authorities. He provides no new evidence supporting his claim of innocence. Therefore, he has failed to demonstrate entitlement to equitable tolling based on a claim of actual innocence.

In response to the motion to dismiss (Dkt. # 12), Petitioner also states that he has "uncurable [sic] mental impairment as a boarderline [sic] mentally retarded person." However, the Tenth Circuit Court of Appeals has never held that mental incapacity tolls the limitations period. Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996) (considering whether to equitably toll Title VII limitations period on basis of mental incapacity). But see Reupert v. Workman, 45 Fed. Appx. 852, 854 (10th Cir. 2002) (unpublished) (holding that equitable tolling may be appropriate where there is adequate proof of incompetence.).  Even if Petitioner's alleged mental retardation

---

[1] Citation to this and other unpublished opinions is for persuasive value. See 10th Cir. R. 32.1(A).

could be considered to be an "extraordinary circumstance" justifying equitable tolling, the Court finds he has failed to show he diligently pursued his rights. After his conviction became final in 1995, he waited almost two (2) years, until November 1997 to initiate his state post-conviction proceedings, then until February 1999 to file his first habeas petition, and then until June 2012 to file this action. That record reflects lengthy delays in pursuing habeas corpus relief and demonstrates a lack of reasonable diligence by Petitioner in pursuing his rights. Petitioner is not entitled to equitable tolling.

The Court concludes that because Petitioner is not entitled to equitable tolling of the limitations period, the petition, filed June 11, 2012, or more than fifteen (15) years after expiration of the AEDPA grace period, is untimely. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss for failure to file within the limitations period (Dkt. # 10) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by the statute of limitations.

3. A separate Judgment shall be entered in this matter.

4. A certificate of appealability is **denied**.

DATED THIS 26th day of December, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT